# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 23-2125V

|  |  |
|---|---|
| SONIA GARZA,<br><br>          Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>          Respondent. | Chief Special Master Corcoran<br><br>Filed: March 3, 2026 |

*William E. Cochran, Jr., Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN, for Petitioner.*

*Ryan Pohlman Miller, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 14, 2023, Sonia Garza filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration as a result of an influenza vaccine she received on December 23, 2020. Petition, ECF No. 1. On August 13, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 34.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $34,453.73 (representing $32,763.80 in fees plus $1,689.93 in costs). Application for Fees and Costs ("Motion") filed September 26, 2025, ECF No. 39. Petitioner also filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 39-3 at 1.

Respondent reacted to the motion on October 3, 2025, reporting that he is satisfied the statutory requirements for an award of attorney's fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 40. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees and costs to be awarded appropriate, for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through 2024 are reasonable and consistent with our prior determinations and will therefore be awarded herein. However, the rate requested for work performed in 2025 by attorney William Cochran requires adjustment.

William Cochran was previously awarded a lesser rate than requested herein ($518.00 for work performed in 2025). See *Cravotta v. Sec'y of Health & Hum. Servs.*, No. 23-2051, 2025 WL 2452159 (Fed. Cl. Spec. Mstr. July 24, 2025). I find no reason to deviate from that determination, and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Jefferson v. Sec'y of Health & Hum. Servs.*, No. 19-1882, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023).  Accordingly, I reduce the rate to be consistent with *Cravotta*. **Application of the foregoing reduces the fees to be awarded herein by $<u>17.50</u>**.[3]

## ATTORNEY COSTS

Petitioner's counsel, William Cochran has requested a total of $1,689.93 in litigation costs and has provided supporting documentation to substantiate most of the costs. No. 39-2 at 9-20. Such costs are associated with obtaining medical records, postage and copying costs, and travel expenses. I have reviewed the requested costs and find the majority of them to be reasonable - with the exception of certain travel expenses.

Like attorney's fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). The billing records reveal that attorney Cochran traveled from Memphis, Tennessee, to Dallas, Texas, on June 5, 2024, for an in-person meeting with Petitioner.  Mr. Cochran stayed for one night in Texas at The Adolphus Hotel. ECF No. 39-2 at 16. Petitioner requests reimbursement of $367.01 for the one-night stay, including one meal charged to the room. It appears the nightly room charge at The Adolphus Hotel was $284.00 on June 5, 2024, not including state, city, and tourism taxes and fees. This amount exceeds the federal

---

[3] This amount consists of reducing William Cochran's rate for 2025 and is calculated as follows: ($519.00 - $518.00 = $1.00 x 17.5 hrs.) = $17.50.

government's daily lodging rates for a hotel stay in Dallas, Texas, which was most recently $164.00 per night in June 2024.[4]

In addition, there was one receipt submitted for a meal at The Adolphus Hotel City Hall Bistro.  The receipt counsel provided is the terminal receipt (with the only relevant information being the date and the total), not the itemized receipt detailing what Mr. Cochran purchased. ECF No. 39-2 at 17. Additionally, the meal charged to the room at The Adolphus Hotel has no corresponding itemized receipt, other than the charges appearing on the hotel invoice. ECF No. 39-2 at 16. Complete, itemized receipts are necessary to evaluate the reasonableness of an expense.

Finally, Petitioner requests $18.00 for airport parking. Petitioner's counsel has not substantiated this request with the required documentation, such as an invoice or proof of payment. Before reimbursement of costs will be made, sufficient supporting documentation, such as invoices, receipts, and billing statements, must be provided. When Petitioners fail to provide appropriate documentation to substantiate a requested cost, special masters have refrained from awarding the relevant sum. *See*, e.g., *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Accordingly, I hereby apply a reduction of *twenty* percent to the total amount of travel expenses as a fair adjustment to account for the aforementioned issues. **Application of the foregoing reduces the costs to be awarded herein by $<u>197.27</u>.**[5]

### CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $34,238.96 (representing $32,746.30 in fees plus $1,492.66 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see

---

[4] See GSA FY 2024 Per Diem Rates for Dallas, Texas at https://www.gsa.gov/travel/plan-book/per-diem-rates.

[5] $986.38 x .20 = $197.27

Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.